UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Zellner, Gerald L. Carlson, Robert H. Marty, Timothy Robinette, David Drury, Stephen M. Haley, Dale A. Knops, Patrick J. Sullivan, Robert E. Bremel, Jimmy W. Lee, and James R. Tandberg,

Plaintiffs,

vs.

Flint Ink Corporation, a foreign corporation, and Flint Ink North America Corporation, a foreign corporation,

Defendants.

Court File No.: 01-1676 DSD/SRN

**CONFIDENTIALITY STIPULATION AND ORDER**

The parties, by their attorneys, hereby stipulate and agree as follows:

1. All information, documentation, and materials produced by the defendant in this matter ("Confidential Information") will be held confidential.

2. a) "Confidential Information" will be disclosed only to the court and its personnel, plaintiffs, defendants, counsel and its personnel, and court reporters who have a need for such disclosure and who are directly involved in the preparation or trial of this matter.

b) "Highly Confidential Information" shall be Confidential Information pertaining to the collective bargaining process as designated by defendants. Highly Confidential Information may be disclosed only to counsel for the parties in this action, members of their law firms, non-party consultants or experts retained for the preparation and trial of the case, the court, court personnel and court reporters.

JUL 24 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. Confidential Information may be disclosed to other persons requested by counsel to furnish technical or expert services, or others who may give testimony in this matter. Prior to disclosing Confidential Information to any person outlined in this paragraph, counsel will show a copy of this Order to him/her and have him/her acknowledge in writing, in the form attached as Exhibit A, that he/she has read this Protective Order, understands its terms, and agrees to be bound by them. Counsel will retain these acknowledgements and will provide them to opposing counsel only upon agreement of the parties or by Order of the Court.

4. Confidential Information and any reports, summaries, analyses, or other papers derived from it shall be retained by and/or under the control of counsel.

5. Confidential Information shall be used only in connection with this action and shall not be used for any business, competitive, personal, private or public purpose, or any other purpose.

6. Upon termination of this action, including all appeals, counsel shall, within 90 day thereof, collect all Confidential Information and return to opposing counsel, or destroy, all Confidential Information produced by opposing counsel. Counsel may retain Confidential Information, but only for the purpose of preserving a file in this matter.

7. Information which is publicly available shall not be deemed confidential.

8. Nothing in this Protective Order constitutes a finding or admission that Confidential Information is in fact confidential, proprietary or otherwise not subject to disclosure.

9. Once information is designated as being confidential, the party opposing the designation shall have fifteen (15) days to notify opposing counsel of its opposition to the designation. The information will then remain confidential until the party designating the information to be confidential has a reasonable time to seek a protective order.

10. The foregoing is entirely without prejudice to the right of either party to apply to the Court for any further protective order relating to any confidential documents to information; or to apply to the Court for an Order compelling production of documents; or for modification of this Order, or for an order permitting the disclosure of any confidential documents or information beyond the terms of this Order. This Protective Order is subject to modification at any time upon further stipulation of the parties or pursuant to Order of the Court.

11. The parties request that the Court, without hearing, render an Order incorporating the terms of this Stipulation.

Dated: 7-22-02

**NICHOLS KASTER & ANDERSON**

By:____________________

Paul J. Lukas (22084X)
Steven Andrew Smith (#260836)
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-1919

**ATTORNEYS FOR PLAINTIFFS**

1425806v1

Dated: July 22, 2002

**BRIGGS AND MORGAN, P.A.**

By: [signature]

R. Scott Davies (#131155)
Jason M. Hedican (#271548)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

**ATTORNEYS FOR DEFENDANTS**

**IT IS SO ORDERED:**

Dated: July 24, 2002

[signature] Susan Richard Nelson

United States District Court Judge

**EXHIBIT A**

**ACKNOWLEDGMENT**

The undersigned, in connection with the case of *John Zellner et al. v. Flint Ink Corporation et al., Case No.* 01-1676 DSD/JMM, United States District Court, District of Minnesota, hereby acknowledges that she/he has read the Protective order entered in this case, that she/he understands the provisions prohibiting the disclosure or other use of Confidential Information, and that she/he agrees to abide by it and to be bound by the provisions of the Protective Order. The undersigned further acknowledges that failure to comply with the provisions of this Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby.

Dated: ________________ ____________________________________________

Subscribed and sworn to before me

this ___ day of___________, 2002

Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.